IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELVIRA GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:11-cv-3545-G-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elvira Garza filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.*, on March 25, 2013. *See* Dkt. No. 18. Plaintiff's motion for attorneys' fees is before the undersigned for recommendation pursuant to Judge Fish's order of reference.

Plaintiff successfully appealed in part the denial of her claim for Social Security Income. As a result, part of her claim was remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings.

Plaintiff seeks $5,463.32 in attorney fees and reimbursement of $350.00 in filing costs. Plaintiff's fee request is based on an hourly rate of $183.95 for 29.7 hours of work. *See* Dkt. No. 18-2 at 3; Dkt. No. 18-3 at ¶¶ 6, 8, 11 & at 4. The Commissioner does not contest the hours stated or the $350.00 in filing fees but opposes Plaintiff's requested hourly rate, *see* Dkt. No. 19 at 2, which is based on the Consumer Price Index ("CPI") for all urban consumers for the South urban region, *see* Dkt. No. 18-2 at

3; Dkt. No. 18-3 at ¶ 11. Although the Commissioner concedes that she has previously agreed to comparable rates in other cases, she contends that the United States Court of Appeals for the Fifth Circuit has stated that the Court should use the CPI rate for the Dallas-Fort Worth area. *See* Dkt. No. 19 at 2 (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). Using the CPI rate for the Dallas-Fort Worth area results in a fee award of $5,125.96, a difference of $337.36. The Commissioner contends that Plaintiff is entitled to $134.62 for work performed in 2011 (0.80 hours times $168.27) plus $4,991.34 for work performed in 2012 (28.90 hours times $172.71). *See* Dkt. No. 19 at 2-3. Plaintiff has not replied to the Commissioner's arguments, and her time for doing so has expired.

The undersigned agrees with the Commissioner that the proper award should be computed using the CPI rate for Dallas-Fort Worth. *See Benton v. Astrue*, No. 3:12-cv-874-D, 2013 WL 818758, at *1 (N.D. Tex. Mar.5, 2013) (sustaining similar objection by the Commissioner and granting motion for attorneys' fees under the EAJA only to the extent based on the CPI rate for Dallas-Fort Worth).

Plaintiff also requests that the EAJA fees be made payable to Plaintiff's attorney and has submitted an Assignment attached to Plaintiff's motion. *See* Dkt. No. 18-5 (Plaintiff signed an agreement stating "I agree that in the event the appeal is successful in that the claim is remanded for further proceedings or payment of benefits, I transfer and assign my rights and interests in any and all [EAJA] fees in connection with my Social Security case to the law firm in consideration of their services in representing me in federal court."). The Commissioner, relying on *Astrue v. Ratiff*, ___ U.S. ___, 130 S. Ct. 2521, 2524 (2010), argues that all fees must be made payable to

Plaintiff, although the payment instrument for the fees could be properly mailed to Plaintiff's counsel. *See* Dkt. No. 19 at 3. Despite Plaintiff's request that the fees be paid directly to counsel pursuant to an assignment from Plaintiff, the undersigned is bound by United States Supreme Court precedent to recommend that the Court direct that the attorneys' fee award in its entirety be paid directly to Plaintiff. *See Ratliff*, 130 S. Ct. at 2524. In light of the fact that the undersigned does not know whether Plaintiff is indebted to the government and in light of the case law in this district, the undersigned concludes that the more prudent course is to follow *Ratliff*'s express holding and to require that EAJA fees be made payable to Plaintiff and not her counsel. *See Goin v. Colvin*, No. 3:12-cv-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 29, 2013); *Bentley v. Astrue*, No. 3:10-cv-32-L, 2011 WL 2923970, at *2 (N.D. Tex. June 15, 2011), *rec. adopted in part*, 2011 WL 2938223 (N.D. Tex. July 20, 2011). It will thereafter fall upon Plaintiff to satisfy whatever obligations that she may have with respect to paying her counsel for litigating this action.

Finally, Plaintiff requests that, if she is successful at the administrative level and an application to this Court for attorneys' fees is proper under 42 U.S.C. § 406(b), Plaintiff be permitted an extension of thirty days from receipt of the Notice of Award within which to submit the Section 406(b) fee application. *See* Dkt. No. 18-2 at 4. The Fifth Circuit has suggested that the fourteen-day deadline for filing a petition for attorneys' fees imposed by Fed. R. Civ. P. 54 applies to requests under Section 406(b) but may be extended in the reviewing court's discretion. *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006). And courts in this district and neighboring districts have frequently extended this fourteen-day deadline in light of the need for future

administrative proceedings accompanying remand orders. *See, e.g.*, *Charlton v. Astrue*, No. 3:10-cv-56-O, 2011 WL 6288029, at *1 (N.D. Tex. Nov. 22, 2011). Defendant does not take a position on this request in her response. The undersigned recommends that Plaintiff's request be granted and that the Court order that Plaintiff's counsel may file a motion for attorneys' fees under Section 406(b) – if such a motion is appropriate based on the Commissioner's action on remand – no later than 44 days after the date that a Notice of Award is issued by the Social Security Administration and received by Plaintiff's counsel.

## Recommendation

Accordingly, Plaintiff's motion for attorneys' fees under the EAJA [Dkt. No. 18] should be GRANTED in part. Plaintiff should be awarded $5,125.96 in attorneys' fees and reimbursement of the $350.00 filing fee. Defendant should be ordered to pay this amount to Plaintiff but be permitted to send the payment to Plaintiff's counsel. Further, the Court should order that Plaintiff's counsel may file a motion for attorneys' fees under 42 U.S.C. § 406(b) – if such a motion is appropriate based on the Commissioner's action on remand – no later than 44 days after the date that a Notice of Award is issued by the Social Security Administration and received by Plaintiff's counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 3, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE